MORTHLAND, TRUSTEE *v.* LINCOLN NATIONAL LIFE
INSURANCE COMPANY

[No. 27,323. Filed February 19, 1940. Rehearing denied
March 25, 1940.]

*Earl B. Stroup,* of Frankfort, and *Bomberger, Peters & Morthland,* of Hammond, for appellant.

*Gavit & Richardson,* of Gary, for appellee.

FANSLER, J.—In 1932 the Lake Superior Court appointed a receiver for the Northern States Life Insurance Company, an Indiana corporation. Thereafter, with the approval of the court, John W. Morthland, the receiver, entered into a contract, which was denominated a reinsurance agreement, with the Lincoln National Life Insurance Company. This agreement covers twenty printed pages in the brief. It provides that the appellee will assume the outstanding valid policies of the Northern States Life Insurance Company, and that it will have a lien on the net equity of the policyholders in the assets of the Northern States Life Insurance Company. There are provisions for adjusting this lien and the interest rate from time to time. It provides that the Lincoln National Life Insurance Company shall be allowed a certain sum per thousand for administration expenses in handling the policies of the Northern States Life Insurance Company; that the Lincoln National Life Insurance Company will offer no inducement to the Northern States Life Insurance Company policyholders to change their policies into the Lincoln National Life Insurance Company. There is a provision that the court shall appoint a trustee to represent the interests of the policyholders and to review the reports of the Lincoln National Life Insurance Company "respecting the assets, the earnings and the expenses, to act in a supervisory capacity over the administration of the assets and property which are transferred to the Lincoln for administration purposes, and to render such aid and assistance in the conservation and management and disposition of said assets as the Court and/or the Lincoln may require, with equitable title in said assets and property in the Trustee, but with the legal title thereto at all times vested in the Lincoln in accordance with the

terms and conditions hereof. The Lincoln shall not have power or authority to sell, exchange or otherwise alienate or dispose of any of said assets, nor divest the Trustee of said equitable interest, except upon written consent and approval of the Trustee and the said Court . . . ." There is also the following provision: "The Lincoln shall render an accounting of all transactions pertaining to the assets and business of the Northern States as soon as practicable after the end of each calendar year as long as a lien exists against Northern States policies, but not exceeding fifteen years. Such accounting shall be in the form of a Convention Annual Statement and shall be furnished to the Court, the Trustee and the Commissioners, and when approved by the Commissioner of Indiana shall be conclusive and binding on policyholders." John W. Morthland was appointed trustee under this agreement.

In January, 1939, the appellee filed one of the contemplated reports with the court and the trustee and the insurance commissioner. The trustee and a policyholder, acting for herself and for all others similarly situated, filed joint, separate, and several exceptions to this report, and a petition for a restraining order. The appellee filed a motion to dismiss the exceptions upon the ground that the function of approving the report was exclusively in the Insurance Department of Indiana under the reinsurance agreement, and that there is no trust "in existence of which John Morthland is trustee with respect to any annual report." The motion was sustained, the exceptions to the report and the petition for a restraining order were dismissed, and there was judgment accordingly.

Error is predicated upon the sustaining of appellee's

motion to dismiss the objections and exceptions to the report.

The appellee contends that it purchased and is the owner of the assets of the Northern States Life Insurance Company, which were being administered by the Lake Superior Court through the receivership proceedings. Some of the language of the long and complicated contract of reinsurance may seem to support this view, but the provisions above referred to make it clear that the Lincoln Life Insurance Company held the bare legal title to those assets for the purpose of administering them in connection with the continuance of the insurance policies of the Northern States Life Insurance Company which were outstanding, and that the equitable title continued in the trustee, the officer of the court.

The appellee also contends that, by the terms of the contract, the court relinquished all right and jurisdiction to pass upon the reports, and that approval of the reports by the insurance commissioner is final and conclusive. But we must examine the contract in its entirety and consider all of its terms and its purposes in determining the meaning of the provision that the report, "when approved by the Commissioner of Indiana shall be conclusive and binding on policyholders." There is the other provision that the trustee shall act in a supervisory capacity over the administration of the assets and property which are "transferred to the Lincoln for administration purposes," and assist in the conservation, management, and disposition of the assets "as the Court and/or the Lincoln may require," and the provision that the appellee "shall not have power or authority to sell, exchange or otherwise alienate or dispose of

any of said assets, nor divest the Trustee of said equitable interest, except upon written consent and approval of the Trustee and the said Court." There are numerous other provisions which indicate that the property involved was to continue under the supervision of the court, acting as a court of equity for the benefit of the policyholders of the Northern States Life Insurance Company, and that the equitable title was to continue in the trustee, the officer of the court.

When property is taken over by a receiver or trustee appointed by a court of equity for the purpose of administration and liquidation it is in *custodia legis,* and so long as the officer of the court continues to hold the equitable title to such property it remains in *custodia legis,* and under the control of the court, for the possession of the officer or trustee is the possession of the court. The insurance commissioner is a ministerial officer, vested with a certain ministerial jurisdiction in respect to the insurance business, and the commissioner cannot delegate these statutory duties and powers to a court of equity. Neither can a court of equity, by contract or otherwise, delegate its judicial functions and equitable powers of supervision over trusts to the insurance commissioner. The contract provides that the reports "shall be furnished to the Court," and appellee contends that the mere delivery of a copy to the court complies with this provision; that it is a mere formality, and that it was not intended that the court should take any action or have any authority respecting the report. We do not believe that this was the intention, but if it was so intended the provision is unenforceable, since the court had no power to abdicate its judicial functions in respect to the property of the trust until the administration thereof was completed. All who are engaged in the

insurance business are required to report to the insurance commissioner, but, concerning the administration of property in *custodia legis,* there must be reports to the court. The contract must be construed to mean that when the report is approved by the court, and thereafter approved by the Commissioner of Insurance, it shall be conclusive and binding upon the policyholders.

Judgment reversed, with instructions to set aside the order dismissing the objections and exceptions to the report, and for further proceedings not inconsistent herewith.

NOTE: Reported in 25 N. E. (2d) 325.