LINCOLN NATIONAL LIFE INSURANCE COMPANY *v.*
MORTHLAND ET AL.

[No. 27,595.   Filed November 25, 1941.]

*Gavit & Richardson,* of Gary, for appellant.

*Earl B. Stroup,* of Hammond, for appellee Morthland.

SHAKE, C. J.—The appellee Morthland is trustee of an equitable trust arising out of a contract between The Northern States Life Insurance Company and the appellant, The Lincoln National Life Insurance Company, as more fully appears in the opinion of this court in the case of *Morthland, Trustee* v. *Lincoln Nat. Life Ins. Co.* (1940), 216 Ind. 689, 25 N. E. (2d) 325. Subsequent to the above decision, the appellee Morthland, as trustee, filed his petition with the court having jurisdiction of the administration of said trust, asking authority to pay Marian Jagadich, nee Crist, $250 for stenographic services rendered the trust by her in connection with another appeal. The appellant resisted the petition and has appealed from the order granting the same.

The appellant claims that the trial court erred in denying: (1) Its motion to join additional parties; (2) its motion to require the trustee's petition to be separated into rhetorical paragraphs, in conformity with Rule 1-2 of this court, 1940 Revision; (3) its motion for the appointment of a special judge; and (4) its demand for a jury trial.

Granting authority to an officer of the court to incur expenses incident to the administration of a trust under the protection of the court is not an action to which the rules of civil procedure are applicable. The trial court committed no error in any of the rulings enumerated above. Such a proceeding as is presented by this record is only reviewable for abuse of discretion.

It is contended by the appellant that the petition ought not to have been granted, because the trustee

had previously obtained an order of court authorizing him to expend not exceeding $500 to compensate an attorney for prosecuting the appeal; that the attorney accepted employment on those terms; and that the expense of the services rendered by Marian Jagadich were incurred on behalf of the attorney, rather than the trust, and ought to have been so charged and deducted from the previous order. These facts fall far short of presenting such a situation as would warrant us in concluding that the trial court abused its discretion in making the order of which the appellant complains.

Judgment affirmed.

NOTE.—Reported in 37 N. E. (2d) 536.